**WILLIAMS v. POWERS.**

No. 4613.

District Court, N. D. Ohio, W. D.
Nov. 21, 1941.

Herman A. Stockstill, of Toledo, Ohio, and C. C. & R. M. Spencer, of Chicago, Ill., for plaintiff.

Yager, Bebout & Stecher and Jos. A. Yager, all of Toledo, Ohio, for defendant.

Wayne Stichter, of Toledo, Ohio, for intervener.

FREED, District Judge.

The plaintiff brought suit against the defendant to recover for injuries sustained as the result of an automobile collision. It appears from the answers to interrogatories that the plaintiff was paid in part for the damages he sustained by the Employer's Mutual Liability Insurance Company, of Wisconsin, his insurers; that the Insurance Company claims to be subrogated to the extent of the payment to part of the plaintiff's claim against the defendant.

The defendant filed a motion to compel the Employer's Mutual Liability Insurance Company of Wisconsin to be made a party plaintiff. The Employer's Mutual Liability Insurance Company of Wisconsin likewise filed a motion to become a party plaintiff.

The Insurance Company attached to its motion to intervene as a party plaintiff, a pleading entitled: "Intervening Complaint," in which the prayer asked for, reads as follows: "Wherefor intervenor demands that if plaintiff recovers a judgment herein from the defendant, this court order that the sum of $971.25 thereof be paid directly to intervenor, together with intervenor's costs herein expended."

Rule 17 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides in part (a) Real Party In Interest " * * * Every action shall be prosecuted in the name of the real party in interest;" etc.

In a case where an insurance company pays part of the damages sustained by its insured because of the tort of a third party and it claims to be subrogated to the insured's rights to the extent of such payment, both the insured and the insurance company are the real parties in interest in the suit against the party guilty of the tort.

Such being the case here, both motions will be granted and the Employer's Mutual Liability Insurance Company of Wisconsin will become a new party plaintiff in the action.

Rule 1 of the Rules of Civil Procedure provides that the rules " * * * Shall be construed to secure the just, speedy, and inexpensive determination of every action."

Although the "just, speedy, and inexpensive determination" of the action would require all the issues to be adjudicated in one trial, the court is of the opinion that a just determination may not be reached because of the possible prejudice that might arise under the circumstances recited in this case, were there a joint trial in this case.

For that reason, under Rule 42, Paragraph (b) providing for "Separate Trials, * * * *" it is ordered that the issues between the plaintiff, Keith T. Williams, and the new party plaintiff, The Employer's Mutual Liability Insurance Company of Wisconsin; as well as the issues between the Employer's Mutual Liability Insurance Company of Wisconsin and the defendant, David B. Powers, be tried separately.