**STATE OF MARYLAND to Use of CARSON et al. v. ACME POULTRY CORPORATION.**

Civ. A. No. 651.

United States District Court
D. Delaware.

Dec. 28, 1949.

See also D. C., 5 F.R.D. 29.

Joseph Handler, of Wilmington, Del., and Elias Magil (Richter, Lord & Farage), of Philadelphia, Pa., for plaintiff.

William Prickett, of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action brought to recover damages for a death resulting from an automobile accident. The action is brought in Delaware because the defendant is a resident of Delaware. The accident happened in Maryland, the laws of which generally govern the litigation. The deceased was a resident of Pennsylvania, subject to the Workmen's Compensation Law of Pennsylvania, 77 P.S. § 1 et seq., and the widow and dependents there have received compensation from the insurer of the Pennsylvania employer to which, in turn, certain rights of the dependents have become subrogated.

Defendant has moved for summary judgment in its favor for want of certain parties as plaintiffs in the action. This suit has been brought to recover for the death of Harry H. Carson under the Maryland Wrongful Death Act, which provides that such action shall be for the benefit of the wife, husband, parent and child of deceased person and that it shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages. Annotated Code of Maryland 1939, Art. 67, Sec. 3.

The parties have entered into a stipulation by which it is agreed that at the time of his death Carson was a resident of Pennsylvania and was employed by Melville Storage Company, the place of business of which was in Pennsylvania; that Carson was subject to the Pennsylvania Workmen's Compensation Act; that Carson's dependents have been compensated under that Act by his employer or his employer's insurance carrier, Employers Liability Assurance Corporation, Ltd.; and that under the law of Pennsylvania the employer or the insurance carrier was subrogated to the rights of the dependents. It is also my understanding from the facts stated in the stipulation and from the statements in the briefs that the use plaintiffs are the same persons as those that received compensation under the Pennsylvania Act, and that compensation was in fact paid by the insurance carrier rather than by the employer.

The present motion, which is based upon the absence of the employer or its insurance carrier as a party to the suit, is one for summary judgment. However, it seems clear that both parties have argued the further point in their briefs, whether or not this court should compel the joining of the insurance carrier as a party. An examination of the pleadings shows that the defendant originally raised the objection of the absence of the employer as a party to the action in its answer, though it was not then made the basis of a motion for dismissal of the action or for summary judgment. It seems desirable that I should go beyond the precise question presented by this motion, namely, whether the absence of the party or parties subrogated under the Pennsylvania law entitles the defendant to judgment, and should consider the further question whether the court should compel the subrogee (or partial subrogee, as apparently it is) to be made a party to the suit.

The subrogation section of the Pennsylvania Workmen's Compensation Law which is cited as being operative in this case is: "Where a third person is liable to the employe or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person, less reasonable attorney's fees and other proper disbursements, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation there-

tofore paid by the employer shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."[1]

It is well established that an insurance carrier which has paid compensation under the Pennsylvania Act is regarded in Pennsylvania as being subrogated in the same manner as the employer.[2]

It is defendant's contention that the insurance carrier, being a partial subrogee under the Pennsylvania Act, is a real party in interest within the meaning of that term as it is used in Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 17(a) is as follows: "Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

No contention is made that this action has not been brought by the party or parties entitled to sue for Carson's death by the terms of the Maryland Wrongful Death statute, or that such parties are not proper parties to bring the action in this court. Defendant argues, however, that the insurance carrier, being partially subrogated to the rights of the use plaintiffs, is an additional real party in interest under Rule 17(a), and should accordingly be joined as a party to the action. A number of cases holding that a partial subrogee is a real party in interest within the meaning

of the term as it is used in Rule 17(a) are cited in support of this contention. Conceding the correctness of this proposition it seems quite clear that the partial subrogee would not in any event be an indispensable party. The Supreme Court of the United States has stated that a partial subrogee, while a necessary party, is clearly not an indispensable party.[3] The absence of a necessary party does not generally seem sufficient ground for dismissal of the action or for the entry of summary judgment in favor of the defendant, but rather it appears that the necessary party, if possible, should be brought into the action pursuant to the Rules.[4] My conclusion is, therefore, that the present motion must be denied.

Whether this court should, under Rules 19(b) and 21, compel the joining of an employer or insurer having paid compensation to dependents under the Pennsylvania Workmen's Compensation Law, with certain rights thereunder as subrogee, presents a more difficult problem. The criterion laid down in 3 Moore's Federal Practice (2d Ed.) Sec. 17.07 for ascertaining a real party in interest is stated in the following terms: "An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced." It seems evident that in this action, being based on the Wrongful Death Act of Maryland, it must be to the substantive law of that state that I must look to determine who are the real parties in interest. It would appear, therefore, that the basic question is whether Maryland would recognize the subrogation provision of the Pennsylvania Workmen's Compensation Act as having extra-territorial effect. As far as I have been able to ascertain, the Maryland courts have not considered this precise question. This court, therefore, must ascertain the relevant Maryland law from

---

1. Former Sec. 319 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 671.

2. Globe Indem. Co. v. Liberty Mut. Ins. Co., 3 Cir., 1943, 138 F.2d 180.

3. United States v. Aetna Casualty & Ins. Co., 70 S.Ct. 207, affirming, inter alia,

Yorkshire Ins. Co. v. United States, 3 Cir., 1948, 171 F.2d 374. See Footnote 19, 70 S.Ct. 216.

4. 3 Moore's Fed.Pr. (2d Ed.) p. 2907; Mahoney v. Bethlehem Engineering Corp., D.C., 27 F.Supp. 865; see also Greenleaf v. Safeway Trails, 2 Cir., 140 F.2d 889.

such data as is available.[5] It appears to be the general rule, though some states have held otherwise, that the courts of one state will give extra-territorial recognition to the subrogation or assignment provisions of workmen's compensation statutes of other states. 3 Schneider on Workmen's Compensation (Perm.Ed.) 205 et seq., Sec. 840. I have been unable to find anything in the Maryland authorities clearly indicating that it would be contrary to the public policy or law of that state to give extra-territorial effect to the subrogation provision of the Pennsylvania Workmen's Compensation Law. It seems to me, therefore, reasonable to conclude that the insurance carrier's rights as partial subrogee would be recognized in Maryland to the same extent as in Pennsylvania. In Alexandria v. Creel, D.C. E.D.Mich.1944, 54 F.Supp. 652, the court reached an analogous conclusion in considering whether the assignment provision of the New York workmen's compensation statute would have extra-territorial effect in Michigan, although there was no unequivocal Michigan authority clearly in point.[6] Furthermore, it appears that the Maryland Workmen's Compensation Act[7] itself recognizes the employer or insurer who has paid compensation as subrogated to the rights of the employee against negligent third parties.[8] I am the more prompted to reach this conclusion under the particular circumstances of this case, because it appears to be tacitly conceded by the plaintiff that the insurance carrier is partially subrogated to the rights of the use plaintiff in this action, and also because such a conclusion seems to me to be more consonant with equity and justice. That being the case, the insurance carrier is vested with a substantive equitable right and qualifies as a real party in interest in this action within the meaning of Rule 17(a).[9]

Plaintiff points out that, even though the absent insurance carrier be a real party in interest, it would not be necessary if this action had been brought in the state courts of Pennsylvania to prosecute it in its name.

Pennsylvania Common Pleas Procedural Rule 2002, Subsection (a), 12 P.S.Appendix, provides in part as follows: "Except as otherwise provided * * * all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

A 1941 amendment added to the Rule Subsection (d), which is as follows: "Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest."

It is plaintiff's contention, therefore, that there is no occasion to compel the joining of a party which is a subrogee by virtue of the Pennsylvania statute, when under the Pennsylvania rules of court there would be no necessity to prosecute the action in the name of that party. As has been stated above, however, it is not to the procedural law that one must look to determine whether a party is a real party in interest. Subsection (d) of Pennsylvania Common Pleas Procedural Rule 2002 does not in any way alter the character of a partial subrogee as a real party in interest as a matter of substantive law, even of the law of Pennsylvania, and much less so of the law of Maryland. There is no provision in Rule 17(a) of the Federal Rules of Civil Procedure excepting subrogees from the real party in interest rule, such as there is in Pennsylvania Court rules.

My conclusion is, therefore, that the employer's insurance carrier is, prima facie, at least, a real party in interest in this action. For that reason, and more particularly because the Maryland Wrongful Death Act provides that in an action brought under it "the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties re-

5. Stentor Elec. Mfg. Co. v. Klaxon Co., 3 Cir., 1942, 125 F.2d 820, 823, 824.

6. See also Betts v. Southern Ry. Co., 4 Cir., 1944, 71 F.2d 787.

7. Code Md.1939, art. 101, § 1 et seq., as amended.

8. See Baltimore Transit Co. v. State, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460.

9. United States v. Aetna Casualty & Surety Co., 1949, 70 S.Ct. 207.

spectively for whom and for whose benefit such action shall be brought, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above-mentioned parties, in such shares as the jury by their verdict shall find and direct", Annotated Code of Maryland 1939, Article 67, Sec. 3, I am of the opinion that the absent insurance carrier ought to be made a party to this suit, if complete relief is to be accorded between those already parties. Accordingly, defendant's motion for summary judgment must be denied, but with leave to it, upon a proper showing, to seek the relief afforded by Rule 19(b), so that Employers Liability Assurance Corporation may be made a party to this action if this can be done without depriving this court of jurisdiction of the parties before it.