### DU VAUL v. MILLER et al.
#### No. 7567.

United States District Court
W. D. Missouri, W. D.

Sept. 22, 1952.

Quinn & Peebles, Kansas City, Mo., for plaintiff.

Sam Mandell, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Based upon assertions that Employers Mutual Liability Insurance Company of Washington is an insurance carrier and paid the plaintiff certain benefits arising from his claimed injuries, the defendants now seek to have said insurance carrier named as a party plaintiff. The defendants rely on the case of Gas Service Co. v. Hunt, 183 F.2d 417, 419, where the Tenth Circuit Court of Appeals determined an identical question. That court was construing the statute law and decisions of the State of Kansas, which appeared to be exactly like those of Missouri on the subject of the rights of a subrogee, such as in this case. The court held that the right against a wrongdoer is substantive yet, said the court:

"But the person in whose name the action may be prosecuted for the enforcement of the substantive right is procedural, not substantive."

The court supported this ruling by citing the case of Montgomery Ward & Co. v. Callahan, 10 Cir., 127 F.2d 32.

Counsel for the plaintiff relies upon contrary opinions of the Supreme Court of Missouri, namely, Smith v. Siedhoff, 209 S.W.2d 233, loc. cit. 239 and Schumacher v. Leslie, 360 Mo. 1238, 232 S.W.2d 913, loc. cit. 919, and, as well, an opinion of this court in the case of Colorado Milling & Elevator Co. v. American Cyanamid Company, D.C., 11 F.R.D. 191.

In the latter case the court relied upon the substantive law of Missouri. A re-examination of Rule 17, as well as Rule 19, Fed.Rules Civ.Proc., 28 U.S.C.A., convinces us that the question is purely a procedural one in this court and does not change the substantive law of Missouri. Being procedural, the national court would not be bound by the rulings of the state courts. Moreover, it would not impair the rights of the plaintiff to require a joining of the insurance carrier. It would not be prejudicial as urged by counsel, and, accordingly, the motion to join should be sustained and it will be so ordered.