HORN *v.* DAVIS BROTHERS, INC.

1. Workmen's Compensation—Election of Remedies—Construction of Statutes—Amendment—Third-Party Tort-feasors.

   The amendment of the workmen's compensation act whereby the procedural defense of election of remedies was limited, which amendment became effective after defendant, an alleged tort-feasor had injured plaintiff, an employee of an employer subject to the act for the injury involved, created no new cause of action and applied so as to permit recovery by plaintiff against the tort-feasor after having received workmen's compensation, all subject to right of subrogation by the employer (CL 1948, § 413.15, as amended by PA 1952, No 155).

2. Costs—Construction of Statute.

   No costs are allowed on appeal in action by injured employee who had accepted workmen's compensation to recover damages from the third-party tort-feasor, where the construction of an amendatory statute is involved (CL 1948, § 413.15, as amended by PA 1952, No 155).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 9, 1954. (Docket No. 27, Calendar No. 46,093.) Decided September 8, 1954.

Case by Joseph A. Horn against Davis Brothers, Inc., a Michigan corporation, for injuries while engaged in construction work. Judgment for defend-

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation §§ 60, 66.
[1] Workmen's compensation: Rights and remedies where employee was injured by third person's negligence. 19 ALR 766; 27 ALR 493; 37 ALR 838; 67 ALR 249; 88 ALR 665; 106 ALR 1040.
[2] 14 Am Jur, Costs § 91.

ant on pleadings. Plaintiff appeals. Reversed and remanded.

*William K. Campbell* and *Stanley L. Hoyle* (*Harold Helper,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*E. Dean Alexander,* of counsel), for defendant.

KELLY, J. Plaintiff herein seeks to recover damages as the result of alleged negligence on the part of defendant's agents and servants on February 11, 1952, while the plaintiff was engaged in the construction of a hospital in the city of Dearborn. At the time of plaintiff's injury he was employed by the Johns-Manville Sales Corporation, and on March 10, 1952, made written claim for compensation under the Michigan workmen's compensation act, and was thereafter paid compensation by his employer's compensation carrier, as required by Michigan law.

At the time of the accident section 15, part 3, of the workmen's compensation act (CL 1948, § 413.15 [Stat Ann 1950 Rev § 17.189]) provided:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

The above quoted section was amended by PA 1952, No 155, said amendment providing in part

(CLS 1952, § 413.15 [Stat Ann 1953 Cum Supp § 17.189]):

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section."

Plaintiff's declaration specifically alleged that the case is governed by the 1952 amendment. Defendant in its answer claimed that under the facts in this case the law prior to the 1952 amendment applied and, therefore, plaintiff having elected to take workmen's compensation is barred from bringing this action.

Plaintiff, under Michigan Court Rule No 17, § 7, (1945) moved to strike the defendant's affirmative defense on the ground that as a matter of law the 1952 amendment applied. The court entered judgment upon the pleadings, as follows:

"This cause coming on to be heard on a motion for judgment upon the pleadings, the court finds that the defendant is not guilty as the plaintiff has complained against them, as a matter of law the plaintiff cannot proceed against the defendant under PA 1952, No 155.

"Therefore, it is adjudged that the plaintiff take nothing by his suit and without costs to both parties."

Plaintiff appeals on the ground that the trial court erred in determining as a matter of law that plaintiff is not entitled to recover under PA 1952, No 155.

This case is controlled by *Rookledge* v. *Garwood, ante,* 444. The judgment of the trial court is set aside, vacated and held for naught, and the cause is remanded to the lower court for trial on the merits. The construction of a statute being involved, no costs will be allowed.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.