Pauline CARLSON, Administratrix of the Estate of Carl Alfred Carlson, Jr., Plaintiff,

v.

CONSUMERS POWER COMPANY, a foreign corporation, Defendant.

Civ. A. No. 3040.

United States District Court
W. D. Michigan, S. D.

Sept. 19, 1957.

Alexander, Cholette, Buchanan, Perkins & Conklin, Paul L. Greer, Grand Rapids, Mich., for plaintiff.

Varnum, Riddering, Wierengo & Christenson, L. K. Varnum, Grand Rapids, Mich., A. H. Aymond, Jr., H. P. Graves, Robert J. Byers, Jackson, Mich., for defendant.

STEWART, Circuit Judge.

This is a wrongful death action, brought in this court by reason of diversity of citizenship of the parties. The complaint alleges that the plaintiff's decedent, while working as a carpenter foreman for the Bruce Waddell Construction Company, was fatally injured on August 24, 1953, as a result of the defendant's negligence.

There is now before the court the defendant's motion for an order making the Auto-Owners Insurance Company a party plaintiff to this action, or, should said corporation refuse to join as a party plaintiff, that it be made a party defendant. In support of the motion it has been made to appear that the Auto-Owners Insurance Company, as the workmen's compensation insurance carrier for the Bruce Waddell Construction Company, by whom the decedent was employed, has paid and is still paying to the plaintiff monetary benefits under the provisions of the Michigan Workmen's Compensation Act, Comp.Laws 1948, § 411.1 et seq. The defendant maintains that if the plaintiff obtains a judgment in this action, the Auto-Owners Insurance Company will have a lien upon the judgment to the extent of the payments made by it to the plaintiff. Therefore, it is asserted, the Auto-Owners Insurance Company is a real party in interest and should be made a party to this action.

Resolution of the present motion depends upon two questions: *First*, whether Auto-Owners has a substantive right under Michigan law so as to make it a real party in interest, and if so, *Secondly*, whether federal procedure requires joinder on the defendant's motion. The determination of who is a real party in interest is a question of Michigan law, since it depends upon whether the party has a substantive right which is legally protected. However, though the right is substantive, the question as to in whose name the right may be enforced is a procedural one, to be determined by reference to the Federal Rules of Civil Procedure. Gas Service Co. v. Hunt, 10 Cir., 1950, 183 F.2d 417.

In order to ascertain if the Auto-Owners Insurance Company is a real party in interest in the present action, reference must be had to the Michigan Workmen's Compensation Act, Compiled Laws of Michigan 1948, 1956 Supplement, § 413.-15, which provides as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the

same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. * * * Any party in interest shall have a right to join in said suit. * * *

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits. * * * "

It is manifest from this statutory provision that both the plaintiff, as administratrix of the deceased employee, and the Auto-Owners Insurance Company, as insurance carrier for decedent's employer, are real parties in interest in the pres-

ent action, and the Supreme Court of Michigan has in effect so held, albeit in a somewhat different context. Muskegon Hardware & Supply Co. v. Green, 343 Mich. 340, 72 N.W.2d 52.

As specifically provided in the statute, either may bring an action following the lapse of one year after the cause of action arose. The statute also provides a formula for the distribution of whatever amount any plaintiff may recover in such an action. By specifying that *any* recovery. first go to reimburse the employer or its insurance carrier for any amounts paid or payable under the Workmen's Compensation Act, to the date of the recovery, this formula makes the employer or its insurance carrier a partial subrogee.

The question that remains is whether the Federal Rules of Civil Procedure require that the insurer in this case be made a party upon motion of the defendant.

Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows:

"Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

Rule 19(a) of the Federal Rules of Civil Procedure provides as follows:

"Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant

or, in proper cases, an involuntary plaintiff."

It is provided by Federal Rule of Civil Procedure 21 that parties may be dropped or added by order of the court on motion of any party at any stage of the action.

It appears that the insurer in this case is subject to the jurisdiction of the court, as to both service of process and venue, and can be made a party without depriving the court of jurisdiction of the parties already before it.

Although the federal decisions are in conflict, the greater weight of authority holds that a workmen's compensation insurance carrier, as a partial subrogee, is a real party in interest under Rule 17, whose joinder under these circumstances may be compelled upon timely motion, under Rules 19 and 21 of the Federal Rules of Civil Procedure  That was the conclusion reached in the following cases: Carlson v. Glenn L. Martin Co., D.C.N.D. Ohio, 103 F.Supp. 153; Koepp v. Northwest Freight Lines, D.C.D.Minn., 10 F.R.D. 524; State of Maryland to Use of Carson v. Acme Poultry Corporation, D.C.D.Del., 9 F.R.D. 687; Du Vaul v. Miller, D.C.W.D.Mo., 13 F.R.D. 197; Williams v. Powers, D.C.N.D.Ohio, 2 F.R.D. 362; Slauson v. Standard Oil Co., D.C. E.D.Wis., 29 F.Supp. 497. See also Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417; National Garment Co. v. New York, Chicago & St. Louis Railroad Co., 8 Cir., 173 F.2d 32, at pages 34–35, and 3 Moore's Federal Practice, 2d Ed., at page 1348.

Although in the opinion of this court it is not controlling on the facts, the opinion of the Supreme Court in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, gives strong support to the view that involuntary joinder is warranted here. In that case the Supreme Court stated at pages 381–382 of its opinion [70 S.Ct. 215]:

"In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use. Hall & Long v. Nashville Railroad Companies, 1872, 13 Wall. 367, 20 L.Ed. 594; United States v. American Tobacco Co., supra [166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081], as was also true of suits on assignments. Glenn v. Marbury, 1892, 145 U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790. Mr. Justice Stone characterized this rule as 'a vestige of the common law's reluctance to admit that a chose in action may be assigned, [which] is today but a formality which has been widely abolished by legislation.' Aetna Life Ins. Co. v. Moses, 1933, 287 U.S. 530, 540, 53 S.Ct. 231, 233, 77 L.Ed. 477. Under the Federal Rules, the 'use' practice is obviously unnecessary, as has long been true in equity, Garrison v. Memphis Insurance Co., 1857, 19 How. 312, 15 L.Ed. 656, and admiralty, Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 1889, 129 U.S. 397, 462, 9 S.Ct. 469, 479, 32 L.Ed. 788. Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names.

"Although either party may sue, the United States, upon timely motion, may compel their joinder. Delaware County Commissioner v. Diebold Safe & Lock Co., 1890, 133 U.S. 473, 488, 10 S.Ct. 399, 403, 33 L.Ed. 674 (applying a state code under the Conformity Act). 3 Moore, Federal Practice (2d ed.) p. 1348. Both

696

are 'necessary' parties. Rule 19(b), Federal Rules of Civil Procedure. (Footnote omitted.) The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim. Additional parties may be added at any stage of the proceedings, on motion of the United States, upon such terms as may be just. Rule 21."

A few district courts have denied joinder of the insurer under circumstances similar to those in this case. Jenkins v. Westinghouse Electric Co., D.C.W.D.Mo., 18 F.R.D. 267; King v. Cairo Elks Home Ass'n, D.C.E.D.Ill., 145 F.Supp. 681; Shumate v. Wahlers, D.C.E.D.Mich., 19 F.R. D. 173; Braniff Airways, Inc., v. Falkingham, D.C.D.Minn., 20 F.R.D. 141.

The Jenkins case was decided by a judge who is now a member of the Supreme Court of the United States, and the Shumate case was decided by a respected colleague in the eastern district of this state. These decisions, therefore, give the court unusual pause. With sincere deference, however, this court concludes that the courts which have denied joinder have misconceived the effect of the following language of Rule 17(a) of the Federal Rules of Civil Procedure:

"But an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought."

■ The court is persuaded that this language does not operate to constitute an exception to the provisions of Rule 19 respecting joinder of necessary parties. 2 Barron and Holtzoff, Federal Practice and Procedure, page 6, and 3 Moore's Federal Practice, 2d Ed., page 1372.

■ To summarize, it appears that the Auto-Owners Insurance Company is made a real party in interest by the substantive law of the state of Michigan, that while not an indispensable party, it is a necessary party, that it is subject to the jurisdiction of the court as to both service of process and venue and can be made a party without depriving the court of jurisdiction of the parties before it, and that the defendant's motion to make it a party to these proceedings should, therefore, be granted under Rule 19 and Rule 21 of the Federal Rules of Civil Procedure.

Accordingly, defendant's motion is granted, and it is ordered that the Auto-Owners Insurance Company be made a party plaintiff to this action.

It is further ordered that the Auto-Owners Insurance Company, if it refuses to join as a party plaintiff, be made a party defendant.

No costs will be allowed in connection with this matter.