**Orville Lee SMALLWOOD, Plaintiff,**

v.

**DAYS TRANSFER, INC., an Indiana Corporation, Defendant.**

**Civ. A. No. 3127.**

United States District Court
W. D. Michigan, S. D.
Sept. 22, 1958.

Dimmers & MacRitchie and William MacRitchie, Hillsdale, Mich., for plaintiff.

Alexander, Cholette, Buchanan, Perkins & Conklin and Paul E. Cholette, Grand Rapids, Mich., for defendant.

Before STARR, Chief Judge, and KENT, District Judge.

PER CURIAM.

Plaintiff brings this action to recover damages for personal injuries sustained in a motor-vehicle accident, which he alleges was caused by defendant's negligence. Defendant answered denying the charge of negligence and plaintiff's right to the relief sought.

It appears that at the time of the accident plaintiff was an employee of the village of Quincy, Michigan, and was entitled to and has been paid workmen's compensation benefits by the Michigan State Accident Fund as the workmen's compensation insurance carrier for the village. The defendant has filed a motion for an order requiring the insurance carrier to join in this action as a party plaintiff or, upon its refusal to so join, making it a party defendant. Arguments on this motion were heard by District Judges Starr and Kent sitting en banc, and able briefs have been filed.

The question presented is whether the Michigan State Accident Fund, which has paid plaintiff benefits under the Michigan workmen's compensation act, Comp.Laws 1948, § 411.1 et seq., can be compelled upon defendant's motion to join as a party in this action. Defendant's motion requires determination of two questions: *First*, whether the insurance carrier has a substantive right in plaintiff's claim for damages so as to make it a real party in interest and, if so, *second*, whether Federal procedure requires its joinder on defendant's motion. The question as to whether the insurance carrier is a real party in interest must be determined under the Michigan law, since this depends upon whether it has a substantive right in plaintiff's claim for damages which is legally protected. However, the question in whose name the right may be enforced, is a procedural one to be determined under the Federal Rules of Civil Procedure. Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417, 419.

To ascertain if the Michigan State Accident Fund is a real party in interest, we must first consider the provisions of the Michigan workmen's compensation act, Comp.Laws Mich.1948, 1956 Supp., § 413.15, which provides as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the

same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. * * * Any party in interest shall have a right to join in said suit. * * *

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."

Under the above provisions of the compensation act the plaintiff as an injured employee of the village of Quincy can maintain an action for damages against the defendant. If he had failed to commence an action within one year after the occurrence of the injury, the village of Quincy or its compensation insurance carrier could have commenced an action in his name. Under the act any recovery of damages by the plaintiff in his present action shall first reimburse his employer or its insurance carrier for any amounts paid or payable to the date of recovery, and the balance will be paid to the plaintiff as an advance payment by the employer on account of future payment of compensation benefits. By providing that any recovery by plaintiff should first go to reimburse his employer or its insurance carrier for any amount paid or payable under the workmen's compensation act to the date of the recovery, it is clear that the act makes the employer or its insurance carrier a partial subrogee. We therefore conclude that under the provisions of the act both the plaintiff and the State Accident Fund as insurance carrier for the village of Quincy are real parties in interest in the present action. See Muskegon Hardware & Supply Company v. Green, 343 Mich. 340, 72 N.W.2d 52.

The remaining question is whether the Federal Rules of Civil Procedure require that the insurance carrier be made a party to the action upon motion of the defendant. Rule 17(a) of the Federal Rules, 28 U.S.C.A., provides:

"Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

Rule 19(a) provides as follows:

"Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest

shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

■ Rule 21 of the Federal Rules provides that parties may be dropped or added by order of the court on motion of any party at any stage of the action. In the present case the State Accident Fund is subject to the jurisdiction of this court as to both service of process and venue and can be made a party to the action without depriving the court of jurisdiction of the plaintiff and defendant. Although there is some conflict in the Federal decisions, the greater weight of authority clearly holds that a workmen's compensation insurance carrier as a partial subrogee is a real party in interest under Rule 17 of the Federal Rules of Civil Procedure and, being a real party in interest, it may under Rules 19 and 21 be compelled to join upon timely motion by the defendant. See United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171; Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417; National Garment Co. v. New York, C. & St. L. R. Co., 8 Cir., 173 F.2d 32, 34, 35; Carlson v. Glenn L. Martin Co., D.C., 103 F.Supp. 153; Slauson v. Standard Oil Co., D.C., 29 F.Supp. 497; DuVaul v. Miller, D.C., 13 F.R.D. 197; Koepp v. Northwest Freight Lines, D.C., 10 F.R.D. 524; State of Maryland to Use of Carson v. Acme Poultry Corporation, D.C., 9 F.R.D. 687; Williams v. Powers, D.C., 2 F.R.D. 362; 3 Moore's Federal Practice, 2d Ed., page 1348.

Certain district courts have denied joinder of the insurance carrier under circumstances substantially similar to those in the present case. King v. Cairo Elks Home Association, D.C., 145 F.Supp. 681; Braniff Airways v. Falkingham, D.C., 20 F.R.D. 141; Shumate v. Wahlers, D.C., 19 F.R.D. 173; Jenkins v. Westinghouse Electric Company, D.C., 18 F.R.D. 267. With due deference to the courts denying joinder of the insurance carrier, we nevertheless conclude that the courts which have denied joinder have misconceived the effect of the following language of Rule 17(a) of the Federal Rules of Civil Procedure:

"But an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought."

■ We are convinced that this language in Rule 17(a) does not create an exception to the provisions of Rule 19 regarding the joinder of necessary parties. 2 Barron and Holtzoff, Federal Practice and Procedure, page 6; 3 Moore's Federal Practice, 2d Ed., page 1372.

The precise questions before us in the present case were determined in Carlson v. Consumers Power Co., D.C., 164 F. Supp. 692. In that case it was alleged that plaintiff's decedent, an employee of a construction company was fatally injured as a result of the defendant's negligence. The Auto-Owners Insurance Company, the employer's workmen's compensation insurance carrier, had paid and was still paying the plaintiff benefits under the Michigan workmen's compensation law. The defendant moved for an order making the insurance carrier a party plaintiff or, upon its refusal to join as a party plaintiff, that it be made a party defendant. In granting this motion and ordering that the insurance carrier be made a party to the action, the court said in part:

"To summarize, it appears that the Auto-Owners Insurance Company is made a real party in interest by the substantive law of the state of Michigan, that while not an indispensable party, it is a necessary party, that it is subject to the jurisdiction of the court as to both service of process and venue and can be made a party without

depriving the court of jurisdiction of the parties before it, and that the defendant's motion to make it a party to these proceedings should, therefore, be granted under Rule 19 and Rule 21 of the Federal Rules of Civil Procedure."

The decision in the above Carlson case is clearly determinative of the question presented by the defendant's motion in the present case, and we conclude that its motion should be granted. It is accordingly ordered that the Michigan State Accident Fund be made a party plaintiff in this action or, if it refuses to join as a party plaintiff, that it be made a party defendant. No costs are allowed in connection with defendant's motion.