Margaret JACK, Administratrix of the
Estate of Robert Bell Jack,
deceased, Appellant,

v.

TRAVELERS INSURANCE COMPANY,
Defendant-Appellee.

Liberty Mutual Insurance Company,
Appellee.

No. 13923.

United States Court of Appeals
Sixth Circuit.

April 21, 1960.

See also 22 F.R.D. 318.

Howard L. Philippart, Jr., Detroit,
Mich., for appellant.

Buell Doelle, of Lacey, Jones & Doelle,
Detroit, Mich., for appellee.

Before MARTIN, MILLER and
WEICK, Circuit Judges.

PER CURIAM.

In an action brought in the District Court for the Eastern District of Michigan by the appellant as Administratrix of the Estate of her husband, Robert Bell Jack, for damages on account of the death of the husband, alleged to have been caused by the negligence of the defendant Travelers Insurance Company, a consent judgment in the amount of $39,655 was entered in favor of the appellant. This judgment acknowledged a Workman's Compensation lien in the amount of $7,241.33 in favor of the Liberty Mutual Insurance Company, the Workmen's Compensation insurance carrier, which had paid that amount in workmen compensation benefits and funeral expenses, as provided by the Workmen's Compensation Act, Comp.Laws Mich.1948, § 411.1 et seq. This amount was impounded in Court.

In an exchange of letters between the compensation insurance carrier and appellant's attorney before the action was filed, Liberty Mutual Insurance Company agreed to refrain from entering the action in the District Court through its own attorneys, and "would receive fully our compensation interest as evident at the time of such case settlement." It was not a party to the action. Following the settlement it insisted upon receiving the full $7,241.33 without reduction by reason of any of the expenses of the recovery.

Appellant thereupon moved in the District Court action for an apportionment of the expenses of recovery, including attorney fees, in the total amount of $13,980.22 between her and the compensation insurance carrier, which motion the District Judge overruled. This appeal followed.

The District Judge pointed out that the compensation insurance carrier was not a party of record in the recovery action, and since the appellant had agreed that the carrier would receive its full compensation interest, the appellant

had no valid claim under the provisions of Section 15, Michigan Statutes Annotated, 17.189, Comp.Laws Mich.Supp. 1956, § 413.15, for an apportionment of the expenses of recovery.

We agree with the ruling of the District Judge. The judgment is affirmed.