Angelo **MORELLI**, Plaintiff,

v.

**NORTHWEST ENGINEERING CORPO·
RATION**, a Wisconsin corporation,
Defendant.

No. 61–C–40.

United States District Court
E. D. Wisconsin.

July 5, 1962.

Albert J. Goldberg, Milwaukee, Wis.,
Joseph A. Maiullo, Detroit, Mich., for
plaintiff.

Harrold J. McComas and John R. Collins, of Foley, Sammond & Lardner,
Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The plaintiff commenced an action
for personal injuries allegedly caused
by the negligence of the defendant. De-

fendant has moved to dismiss the complaint on the grounds that plaintiff has received workmen's compensation benefits from Employers Mutuals of Wausau, and that under Michigan Compiled Laws, Section 413.15 (1948) (Mich.Stats.Ann. Section 17.189, as amended 1952), that company would be entitled to reimbursement for such payments from any third party whose negligence caused the injuries upon which the payments were based. Defendant claims that the insurance company is an indispensable party. If the court should so hold, the action would have to be dismissed, since a joinder of the insurer as plaintiff would destroy diversity of citizenship. Both the insurer and the defendant are Wisconsin corporations.

Defendant contends that if plaintiff should recover in this action, the judgment would be binding only upon the parties to the action, and nothing would prevent the insurer from bringing a further suit for recovery of the amounts which it paid the plaintiff, thus subjecting defendant to excessive liability.

It is also claimed that even if plaintiff would pay over part of his recovery to reimburse the insurer, the amount of recovery may not be sufficient to compensate the insurer fully for the payments it made to the plaintiff, and again, the insurer might bring a separate suit against the defendant.

■ This court set out the tests in determining whether a party is indispensable in Boris v. Moore, 152 F.Supp. 602 (E.D.Wis.1957). After first determining whether the absent party is interested in the controversy, the court must make a determination of the following questions:

1. Is the interest of the absent party distinct and severable?

2. In the absence of such party, can the court render justice between the parties before it?

3. Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party?

4. Will the final determination, in the absence of such party, be consistent with equity and good conscience?

If all four questions are answered in the affirmative, then the party is a necessary party but not indispensable. If any one of the questions is answered in the negative, the party is indispensable.

Although defendant maintains that the questions above should be answered in the negative in the instant action, its argument is not persuasive.

In Shumate v. Wahlers, 19 F.R.D. 173 (E.D.Mich.1956), the identical question was raised on defendant's motion to dismiss the complaint or to compel joinder of the compensation carrier as a party plaintiff on the ground that the carrier was the real party in interest. The court in that case analyzes the Michigan workmen's compensation statute hereinbefore cited and points out that an injured employee is given the right to bring an action alone. If the employee does not bring such action within one year, the employer or its insurance carrier may bring the action. Further provisions are that any party in interest shall have a right to join in said suit, and that any recovery against the third party shall first reimburse the employer or its insurance carrier for amounts paid or payable under the Workmen's Compensation Act to the date of recovery.

The court then analyzes Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which requires that "(a) * * * Every action shall be prosecuted in the name of the real party in interest; but * * * a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; * * *."

**524**

The court concluded that the plaintiff was the real party in interest. Although the insurer was permitted to join in the action under the Michigan statute, supra, the court held that Rule 19 of the Federal Rules of Civil Procedure—which requires the joinder of parties having a joint interest in an action—did not apply.

The Shumate case, supra, was criticized in two later cases construing the same Michigan statute—Smallwood v. Days Transfer, Inc., 165 F.Supp. 929 (W.D.Mich.1958), and Carlson v. Consumers Power Company, 164 F.Supp. 692 (W.D.Mich.1957)—in which the court there held that the insurance carrier, as a partial subrogee, is *a* real party in interest, under Rule 17, whose joinder may be compelled under Rule 19. However, it should be noted that the court emphasized the fact that the insurer was a *necessary* party but not an *indispensable* party, and that the insurer could be joined without depriving the court of jurisdiction.

■ No case has been found in which the workman's compensation carrier, as a partial subrogee, was held to be an indispensable party. In view of the express language of the Michigan statute, it does not appear that the insurer should be considered indispensable.

There are a number of cases in which the injured plaintiff was permitted to sue the tort-feasor after receiving workmen's compensation without joining the compensation carrier under the Michigan statute. Woods v. Ford Motor Company, 342 Mich. 518, 70 N.W.2d 739 (1955); Munson v. Vane-Stecker Company, 347 Mich. 377, 79 N.W.2d 855 (1956); Horn v. Davis Brothers, Inc., 340 Mich. 460, 65 N.W.2d 793 (1954); Jack v. Travelers Insurance Company, 277 F.2d 736 (6th Cir. 1960); Wright v. Delray Connecting Railroad Company, 361 Mich. 619, 106 N.W.2d 247 (1960).

It is not likely that either the defendant or the insurer would be prejudiced by the failure of the insurer to join in this action, since the cause of action allegedly arose on February 22, 1958. Under the applicable Michigan statute of limitations, no action for personal injuries could be brought after three years from the time the action accrues, which in this case would be February 22, 1961. Thus, if this action were dismissed, not only would the insurer be barred, but also the plaintiff would be barred from commencing a new action in Michigan. Defendant claims on this point that the insurer might bring suit against the defendant in a jurisdiction wherein the statute of limitations has not run. The cause of action arose in Michigan. Defendant and the insurer are Wisconsin corporations. It is difficult to conceive of the possibility that the insurer could commence an action in any state other than Wisconsin or Michigan, both of which have three-year statutes of limitation on personal injury actions. Wis.Stats.1957, § 330.205; Comp. Laws 1948, § 609.13, subd. 2.

■ Defendant further claims that although Michigan courts have ordered that amounts paid under judgments be distributed according to the priority established by the Michigan statute, this court may not do so. Defendant's theory apparently is that since jurisdiction would be divested if the insurer were made a party, this court cannot order money paid to the insurer or otherwise affect its interest as though it were a party. This argument is not tenable, since the insurer is entitled by statute to be first reimbursed out of the proceeds of any recovery, and this court would be simply applying Michigan law, as it must obviously do in a diversity suit.

Under these circumstances, the insurer is at most a necessary party and not an indispensable party. Rule 19(b) provides in pertinent part as to necessary parties as follows:

"* * * The court in its discretion may proceed in the action

without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

An assignment to the plaintiff of any claim that the Employers Mutual Liability Insurance Company, workmen's compensation insurance carrier, may have against the defendant has now been filed together with an agreement of that company to be bound by the outcome of this action so that the defendant is not under any danger of double liability.

A judgment in favor of the plaintiff in this case would not injuriously affect the interest of the absent party, the insurer, nor would it subject the defendant to the possibility of multiple suits.

The motion of the defendant to dismiss the complaint is denied.