**GAS SERVICE CO. v. HUNT.**

No. 3998.

United States Court of Appeals
Tenth Circuit.

August 4, 1950.

Rehearing Denied Sept. 5, 1950.

418

N. E. Snyder, Kansas City, Kan. (Robert D. Garver and Jerry T. Duggan, Kansas City, Mo., on the brief) for appellant.

Blake A. Williamson, Kansas City, Kan. (John J. Ziegelmeyer, James K. Cubbison, Lee Vaughan and Lee E. Weeks, all of Kansas City, Kan., on the brief) for appellees.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Rexford R. Hunt and Helen Hunt, husband and wife, sued Gas Service Company, a corporation. The action was instituted in the state court and was removed to the United States Court, the ground of removal being diversity of citizenship with the requisite amount in controversy. After removal, plaintiffs filed a pleading denominated amended petition. It was alleged in such pleading that plaintiffs owned a residence near Shawnee, Kansas, which was equipped with a gas furnace and was heated with gas furnished by defendant; that on a day specified the furnace was not in proper working condition and failed to heat the house; that defendant was requested to have one of its employees inspect and adjust the furnace; that in response to such request, an employee of defendant came to the residence, inspected the furnace, and attempted to put it in working condition; that he told plaintiff Helen Hunt the air line leading to the mixer had become clogged with lint and debris to such an extent that the burner was not obtaining sufficient oxygen, told her that he had remedied the condition, told her that he had ignited the pilot light, and told her that the furnace was in proper working condition; that the employee then left the premises; and that within twenty or thirty minutes after his departure, fire broke out in and about the furnace and damaged the building and certain of its contents. It was further alleged that the furnace was a highly complicated instrumentality and was not in proper order at the time the employee of defendant completed his inspection and left the premises. It was further alleged that the employee was negligent in failing properly to inspect the furnace, discover its condition, and make the necessary adjustments, in assuring plaintiff Helen Hunt that it was in proper working condition when he knew or should have known that it was not in such condition, in not waiting longer after making the pretended adjustments until the thermostat automatically turned gas into the furnace and then making a further inspection, and in not removing from the air line, mixer, and line leading from the mixer to the burner lint and debris which had collected therein. It was further alleged that the negligence on the part of defendant was the proximate cause of the fire. And it was further alleged that plaintiffs had suffered damages in the sum of $8,512.95, for which judgment was sought. Defendant denied negligence and pleaded contributory negligence. Defendant filed a motion for an order making parties to the action two insurance companies which had paid plaintiffs $4,698.75 under policies of insurance covering the property and had become subrogated to that extent to the rights of plaintiffs against defendant. The motion was denied. The cause was tried to a jury. The jury returned a verdict for plaintiffs in the sum of $7,202.65. And by response to a special interrogatory, the jury found that the defendant was negligent in failing to make a sufficiently thorough and complete check of the operation of the furnace mechanism to insure its safe and efficient operation. Judgment was entered for plaintiffs and defendant appealed. For convenience, continued reference will

be made to the parties as they were denominated in the trial court, plaintiffs and defendant, respectively.

Error is assigned upon the action of the court in denying the motion for an order making the insurance companies parties to the suit. It is the rule in the United States courts that where an insurer pays the insured in full for a loss and becomes subrogated to all of the rights of the insured against the wrongdoer, the action against the wrongdoer to recover in tort must be maintained in the name of the insurer. United States v. Ætna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7. And it is the further rule that where the owner has been reimbursed for only part of the loss and asserts a claim against the wrongdoer for the balance in excess of the amount paid, both the insured and the insurer own portions of the substantive right against the wrongdoer and should appear in the litigation in their own names. Either may institute the action; but with certain exceptions not having material bearing here, upon timely motion of the alleged wrongdoer, the other should be joined as a party. United States v. Ætna Casualty & Surety Co., supra.

As we understand, the rule in the state courts of Kansas is different. There, where loss by fire to insured property exceeds the amount paid by the insurer under its policy, the owner may maintain the action against the wrongdoer for the full amount of the loss. Clark v. Missouri Pacific Railroad Co., 134 Kan. 769, 8 P.2d 359; Klingberg v. Atchison, Topeka & Santa Fe Railway Co., 137 Kan. 523, 21 P. 2d 405. Although it is provided by statute in that state that every action must be prosecuted in the name of the real party in interest, and although both the insured and the insurer are real parties in interest, the action may be brought in the name of the owner who will hold as trustee for the insurer in respect of such part of the amount recovered as the insurer has been compelled to pay under its policy. Grain Dealers' Nat. Mutual Fire Insurance Co. v. Missouri, Kansas & Texas Railway Co., 98 Kan. 344, 157 P. 1187; City of New York Insurance Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1233.

Manifestly, where the insurer has reimbursed the insured for part but not all of the loss of insured property by fire and the insured still asserts a claim against the wrongdoer for the loss in excess of the amount received from the insurer, the substantive rights of the parties are the same in the United States courts and in the courts of Kansas. The insurer as subrogee of the owner has the substantive right to recover from the wrongdoer up to the amount it has been obliged to pay under its policy, and the insured has the substantive right to recover for any excess in loss for which he has not been reimbursed. The difference lies in the fact that in the United States courts the insurer must assert the claim in its own name against the wrongdoer for the loss up to the amount paid under the policy, and the insured must assert the claim in his name for the loss in excess of the amount paid by the insurer, while in the state courts of Kansas the insured may maintain the action for the entire amount, holding as trustee for the insurer the amount recovered up to the amount received under the policy and holding for himself the amount recovered in excess thereof. The right of action against the wrongdoer is substantive. Montgomery Ward & Co. v. Callahan, 10 Cir., 127 F.2d 32. And in a case of this kind it is the same in the United States courts and in the state courts of Kansas. There is no conflict between the two jurisdictions. But the person in whose name the action may be prosecuted for the enforcement of the substantive right is procedural, not substantive. Montgomery Ward & Co. v. Callahan, supra.

Whether the insured may maintain this action for the use and benefit of the insurers up to the amount paid under the policies or whether the insurers must assert in their own names the claim for such part of the loss is procedural rather than substantive. Montgomery Ward & Co. v. Callahan, supra. And on removal of the case to the United States Court, the federal rules of civil procedure became applicable

and controlling to all questions of procedure thereafter arising. Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; Texas Employers Insurance Association v. Felt; 5 Cir., 150 F.2d 227, 160 A.L.R. 931. Plaintiffs having been reimbursed for only part of their loss, the insurance companies having become subrogated to the rights of plaintiffs against defendant only to the extent of the amount paid under their policies, and plaintiffs asserting a claim for loss in excess of the amount which they have received from the insurance companies, the motion for an order making the insurance companies parties to the action was well taken and should have been sustained. United States v. Ætna Casualty & Surety Co., supra.

Error is also assigned upon the action of the court denying the motion of defendant for a directed verdict in its favor and in denying its motion for judgment notwithstanding the verdict. The argument in support of the contention is that there was no substantial competent evidence tending to establish negligence on the part of defendant as the proximate cause of the fire. The mere fact that the house was heated with gas furnished by defendant, that the agent of defendant, referred to as the serviceman, did work on the furnace, and that a fire followed were not enough upon which to predicate liability. It was incumbent upon plaintiffs to show negligence on the part of the defendant and that such negligence was the proximate cause of the fire. Kinderknecht v. Hensley, 160 Kan. 637, 164 P.2d 105; Franklin v. Skelly Oil Co., 10 Cir., 141 F.2d 568, 153 A.L.R. 156. And negligence cannot be established by inference upon inference, or presumption upon presumption. Emigh v. Andrews, 164 Kan. 732, 191 P.2d 901. Neither can a finding of negligence rest on mere speculation or conjecture. Miller v. Gabbert, 154 Kan. 260, 118 P.2d 523.

Evidence was adduced on the trial of the cause which tended to establish these facts. On the morning of the day of the fire, the usual heat from the furnace did not come on when the thermostat was set at 75. Plaintiffs discovered that the pilot light was burning but the burner was not working at all. Plaintiffs requested defendant to send its representative to check the furnace and take corrective measures. In response to the request, the serviceman went to the residence and immediately entered basement where the furnace was located. After a few minutes, he called plaintiff Helen Hunt and she went to the basement. He told her that the furnace was not working right because lint and dust had collected in the pipe leading to the burner; that the lint and dust had clogged the pipe; and that the way to correct the condition was to insert a wire in the pipe and burner portion of the furnace and shove it back and forth. By way of demonstration, he inserted a piece of wire about eighteen inches long in the pipe leading to the main burner and moved it back and forth. He then told her that the furnace was in good working condition and left. At the time of his departure, the pilot light was burning but the main burner was not. He did not make any further inspection or examination and did nothing further to correct or adjust the condition of the furnace. About twenty or thirty minutes after his departure, a fire started in the basement. The worst part of the fire was immediately close to the furnace— in the parts above it, and particularly around the registers and ducts. The chief engineer of the company that manufactured the furnace testified that in the event the tube leading to the main burner becomes clogged with lint, or the main burner becomes sufficiently clogged that the port holes are stopped, and the flow of gas is continuing, the gas will back out of the mixer shutter, come out around the disc, and go into the atmosphere; that inserting a wire in the tube and passing it forward and backward is not a proper way to correct a condition of that kind; and that the proper way is to remove the tube, clean the lint out of it, clean the burner by blowing down through the port holes, and replace the tube. And an expert witness testified that in his opinion the stirring of the lint and debris in the tube or pipe with the wire made it impossible for gas to pass through the outlet holes in the burner; that being unable to pass through such holes, the gas

escaped from the main pipe or tube through slots between the disc and the front of the furnace; that it also went through the cracks in the furnace wall into the basement; that the gas which had escaped in that manner was ignited by the pilot light; and that the fire originated in that manner. The origin of the fire in that manner could be shown by facts and circumstances from which the inference could reasonably be drawn, and it was not necessary that the evidence be so strong as to exclude every other possible source of the fire. It was not essential that the evidence exclude every possible source of the fire other than the escape of gas from the furnace resulting proximately from the act of the serviceman in stirring the lint and debris in the pipe or tube. Kansas City, Fort Scott & Memphis Railroad Co. v. Perry, 65 Kan. 792, 70 P. 876; Sternbock v. Consolidated Gas Utilities Corp., 151 Kan. 81, 98 P.2d 162; Chapman v. Gas Service Co., 164 Kan. 359, 190 P.2d 367.

The evidence considered in its totality was sufficient to take the case to the jury on the issue of negligence on the part of the serviceman in inserting the wire in the pipe or tube and passing it forward and backward, and then in leaving the premises while the pilot light was burning but the burner was not burning, without making any further inspection or examination or taking any further action to see that the furnace was in proper and efficient operating condition. And the evidence considered as a whole was sufficient to warrant the jury in finding, without resorting to objectionable speculation or conjecture, and without pyramiding inference upon inference, that the serviceman was negligent and that there was causal connection between his negligence and the origin of the fire. In other words, the evidence was sufficient to warrant a finding, without engaging in objectionable speculation or conjecture, and without imposing inference upon inference, that the serviceman was negligent and that his negligence was the proximate cause of the fire. Cf. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Chicago, Rock Island & Pacific Railroad Co. v. Consumers Cooperative Association, 10 Cir., 180 F.2d 900.

The further contention of defendant is that the jury's specific finding of negligence attributed to defendant acquitted it of all other negligence charged in the amended petition, demonstrated that the verdict was based upon a different theory from that pleaded in the petition, tried to the jury, and submitted by the court, and demonstrated that the verdict was founded upon the theory that defendant was an insurer. Inasmuch as the judgment must be reversed and the cause remanded for error in the denial of the motion for an order making the insurance companies parties to the action, and inasmuch as no like specific finding may be made by the jury on the subsequent trial, it is not necessary to explore the question.

The judgment is reversed and the cause remanded.