## PUBLIC SERVICE COMPANY OF OKLA-HOMA, a Domestic Corporation, et al., Plaintiffs-Appellants,

v.

## BLACK & VEATCH, Consulting Engineers, a Partnership, Defendants-Appellees.

### No. 72-1051.

United States Court of Appeals, Tenth Circuit.

Oct. 17, 1972.

See also 333 F.Supp. 538.

Joseph A. Sharp, Tulsa, Okl. (Best, Sharp, Thomas & Glass, Tulsa, Okl., on the brief), for plaintiffs-appellants.

Bryan W. Tabor, Tulsa, Okl. (Truman B. Rucker, Paul McBride, and Rucker, Tabor, McBride & Hopkins, Tulsa, Okl., on the brief), for defendants-appellees.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

In this appeal, we are asked to overrule our holding in Gas Service Co. v. Hunt, 183 F.2d 417 (10th Cir. 1950), that where the insured brings an action against a tort-feasor who has damaged the insured's property and where the insurer under its policy of insurance with the insured has paid the insured part, but not all, of the loss thus incurred, the insurer, on timely motion by the tort-feasor, should be joined as a party plaintiff. We decline to thus overrule, and accordingly affirm the judgment of the trial court.

An action was brought in the Oklahoma state courts in the name of the Public Service Company of Oklahoma against Black & Veatch, a partnership of consulting engineers. Black & Veatch filed a Petition for Removal and the cause was duly removed into the United States District Court for the Northern District of Oklahoma.

The suit was essentially a products liability action predicated upon the allegedly negligent design by Black & Veatch of a power generating system and the negligent supervision by Black & Veatch of the construction and installation of the same in a Public Service power station. The damages prayed for were in the amount of $1,026,510.59.

By the use of interrogatories, it was ascertained that Public Service carried insurance covering the loss thus alleged to have been suffered and that in connection therewith it had been paid the sum of $1,001,510.59 by underwriters of Lloyds, and the additional sum of $24,000 by three other insurance companies, namely, the Great American Insurance Company, the Phoenix Insurance Company, and the National Surety Company. In its answer to another interrogatory, Public Service declared that its total loss exceeded the total payments

thus received from the four insurance companies by $3,081.11.

It was in this setting that Black & Veatch filed a motion to add the four insurance companies referred to above as parties plaintiff. In this motion, it was alleged that the four insurance companies in question had paid a substantial portion, if not all, of the loss referred to by Public Service in its complaint and were accordingly real parties in interest and "should appear in this litigation in their own names." It was also mentioned that such joinder would not defeat the jurisdiction of the court.

This motion was granted by the trial court, over objection, on the strength of Gas Service Co. v. Hunt, *supra*, the trial court expressing some reservations about the soundness of that decision. Public Serv. Co. of Oklahoma v. Crane Co., 48 F.R.D. 424 (N.D.Okl.1969). The case eventually came on for trial before a jury, with the jury returning a verdict in favor of Black & Veatch. Public Service now appeals the judgment thereafter duly entered on the jury's verdict. The only issue raised on appeal is the correctness of the trial court's order adding the four insurance companies as additional parties plaintiff.

Public Service argues that a mandatory requirement that an insurer who has paid a portion of the loss suffered by an insured must, under Fed.R.Civ.P. 17(a) and 19, be joined as a party plaintiff with the insured is prejudicial and deprives the insured of a fair and impartial trial because the jury is thereby advised that the loss sued for was covered, at least in part, by insurance. In connection with the claim of prejudice, and purely as an aside, it is a bit difficult to see the prejudice said to be occasioned Public Service by the inclusion of the four insurance companies as parties plaintiff. As we understand it, at the trial of the case on its merits Public Service introduced as its exhibit its contract with Black & Veatch. And this contract called for the parties thereto to each carry insurance. Additionally, Black & Veatch introduced as its exhibit a letter from Public Service making claim against Lloyds for $1,028,592.03 in which Public Service attributed its loss to "improper operating procedures" on the part of Public Service employees. So, in such circumstance, even if the trial court had denied the request to make the four insurance companies parties plaintiff, the jury would still have been apprised of the fact that there was insurance in the case. However, we do not resolve the present controversy on the ground that Public Service has not established prejudice resulting from action of the trial court in joining the four insurance companies as parties plaintiff.

Counsel makes no effort to distinguish the instant case from *Hunt*. Rather, he concedes that *Hunt* governs the instant case, and candidly asks that we overrule *Hunt*. We agree that the trial court was correct in applying the rule of *Hunt* to the instant case and, as indicated, we are not inclined to reverse our position by overruling *Hunt*.

In *Hunt*, it was declared that the rule in the United States courts is that where an insurer pays the insured in full for his loss, any action against the wrongdoer to recover in tort must be maintained in the name of the insurer, and not the insured. And in the situation where the owner has been reimbursed for only a part of his loss, both the insured and the insurer own portions of the substantive right against the wrongdoer and should appear in litigation in their own names. In such circumstance, it was held that either the insured or insurer may institute the action, but "upon timely motion of the alleged wrongdoer, the other should be joined as a party." And this result obtained even though the rule in the state courts of Kansas, where the case originated, was different. In thus holding, this court relied heavily on its reading of United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949).

Nothing asserted here by way of argument persuades us that we should re-

treat from *Hunt*. And, although there be some divergence of judicial thinking on the matter, the rule of *Hunt* does find support outside the circuit. For a general discussion of the subject, *see* Wright & Miller, Federal Practice and Procedure: Civil § 1546, where at pages 659–60 appears the following:

"The insurer who pays a part of the loss is only partially subrogated to the rights of the insured. This may occur when the loss exceeds the coverage or when the insurance policy contains a deductible amount that must be borne by the insured. The respective rights of the party in this situation parallel those when there has been ·a partial assignment. Either the insured or the insurer may sue in his own name. Thus, if the insured brings suit, the insurer who is partially subrogated may intervene in the action to protect his pro rata share of the potential recovery. If either sues and the other does not voluntarily join or intervene, defendant may protect himself from multiple lawsuits by having the absent party joined. * * *."

In support of the foregoing, in addition to *Aetna* and *Hunt* and the decision by the trial court in the instant case, the following cases are cited: Standard Accident Ins. Co. v. Lohman, 295 F.2d 261 (7th Cir. 1961); National Garment Co. v. New York, C. & St. L. R. Co., 173 F. 2d 32 (8th Cir. 1949); State Farm Mut. Liab. Ins. Co. v. United States, 172 F.2d 737 (1st Cir. 1949); Ward v. Franklin Equip. Co., 50 F.R.D. 93 (D.C.Va.1970); Public Serv. Co. of Oklahoma v. Crane Co., 48 F.R.D. 424 (D.C.Okl.1969); Askey v. C. & M. Serv., 45 F.R.D. 242 (D. C.Pa.1968); and Pinewood Gin Co. v. Carolina Power & Light Co., 41 F.R.D. 221 (D.C.S.C.1966).

*See also* in this regard the annotation appearing in 13 A.L.R.3d, beginning at page 149.

In sum, the rule of *Hunt* fits the present case and we adhere to that rule as thus announced. Such disposition, incidentally, we believe to be in full accord with the rationale of Hanna v. Plumer,

380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In that case it was held that in a civil action in a federal court where jurisdiction is based on diversity of citizenship, service of process shall be made in the manner set forth in the federal rules rather than in the manner prescribed by state law. And in thus holding, it was generally observed that Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny do not constitute the appropriate test for determining the validity and applicability of a Federal Rule of Civil Procedure.

Judgment affirmed.