Georgia McMILLIAN, Executrix of the
Estate of Aubrey H. McMillian,
Deceased, Plaintiff,

v.

ST. LOUIS–SAN FRANCISCO RAILWAY
COMPANY, Defendant.

No. CIV–75–0617–D.

United States District Court,
W. D. Oklahoma.

July 17, 1976.

---

Clee Fitzgerald, Stillwater, Okl., Robert Blackstock, Bristow, Okl., for plaintiff.

Ben Franklin, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the Defendant's Motion To Require the Hartford Insurance Company to be Made an Additional Party Plaintiff and supporting brief, the Court finds that said Motion should be denied.

*Gas Service Co. v. Hunt*, 183 F.2d 417 (Tenth Cir. 1950) is our controlling Tenth Circuit case concerning this Motion. This case provides:

" . . . And it is the further rule that where the owner has been reimbursed for only part of the loss and asserts a claim against the wrongdoer for the balance in excess of the amount paid, both the insured and the insurer own portions of the substantive right against the wrongdoer and should appear in the litigation in their own names. Either may institute the action; but with certain exceptions not having material bearing here, *upon timely motion of the alleged wrongdoer,* the other should be joined as a party. *United States v. Aetna Casualty & Surety Co.,* 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 170, supra." (Emphasis supplied).

The instant action was filed July 25, 1975. It was pretried on October 31, 1975. It was set for jury trial on February 12, 1976 and stricken from such setting in order that the Court consider a Motion for Partial Summary Judgment urged on behalf of Defendant. On June 24, 1976, the case was set for jury trial on July 19, 1976. The above Motion was filed July 12, 1976.

█ In these circumstances the Motion was not timely filed as required by *Gas Service Co. v. Hunt,* supra. and if granted would possibly require the Court to strike the jury trial setting of this case. The case is now first up on our Jury Docket of July 19, 1976 and is assured for trial start on that date.

█ If Plaintiff prevails in this action, she will hold any recovery as trustee for the party Defendant seeks to add as an additional party plaintiff. Under Oklahoma law, Defendant can only be subject to one

suit for its alleged wrong which is involved in this litigation. *Lowder v. Oklahoma Farm Bureau Mutual Ins. Co.*, 436 P.2d 654 (Okla. 1968). It is not believed that Defendant will be in any way prejudiced by this ruling.