**Robert GARCIA, Plaintiff-Appellant,**

v.

**Douglas E. HALL and Danny L. Mangus, Defendants-Appellees.**

No. 78–1819.

United States Court of Appeals, Tenth Circuit.

Submitted April 4, 1980.

Decided June 23, 1980.

George Whittenburg and Gordon Goodman of Whittenburg Law Firm, Amarillo, Tex. and Bryson R. Cloon of Fletcher, Cloon & Bennett, Shawnee Mission, Kan., for plaintiff-appellant.

Christopher A. Randall of Turner & Boisseau, Wichita, Kan., for defendants-appellees.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

This action claiming negligence in connection with a vehicle collision was brought in the name of Robert Garcia.[1] The insurer of the damaged vehicle, Plains Insurance Company, has a subrogation interest in the amount of the claim, $10,039, minus the policy deductible, $100.[2] Jurisdiction is predicated on diversity of citizenship. The district court dismissed the action after concluding that Robert Garcia "is not the real party in interest and that Dominga Garcia [Robert's mother] and/or Plains Insurance Company is the real party in interest." Record, vol. 1, at 23. The court also found that neither the interest of the insurance company nor the amount of a third-party claim was sufficient to meet the jurisdictional requirements. *Id.* We are asked on appeal to declare under the applicable state law of vehicle ownership and trusts that Robert Garcia is indeed the real party in interest; or, in the alternative, that Dominga Garcia is the real party in interest and the district court should have permitted her to be joined rather than dismissing the action.

■ The parties focus their arguments on the question of whether Robert or Dominga Garcia is the actual owner of the vehicle damaged in the collision. We need not decide this question. We agree with appellants that if Dominga Garcia is the proper plaintiff, the district court should have allowed reasonable time for her to be joined before dismissing the action. *See* Fed.R.Civ.P. 17(a).[3]

A more substantial issue raised here is whether the insurance company is also a real party in interest which must be joined. Joinder of the insurance company, if required, would destroy complete diversity and deprive the federal district court of jurisdiction over this suit.

■ It is well settled that an insurance company is a real party in interest to the extent it has reimbursed the loss for which compensation is sought. *See American Fidelity & Casualty Co. v. All American Bus Lines, Inc.,* 179 F.2d 7, 11 (10th Cir. 1949). When the insurance company has made only partial reimbursement, both the insurer and the insured are real parties in interest. *Gas Service Co. v. Hunt,* 183 F.2d 417, 419 (10th Cir. 1950); 6 C. Wright & A.

1. A brother, Rogelio Garcia, was initially listed as a plaintiff, but he was voluntarily dismissed later in the action.

2. It is unclear whether the amount of the deductible was $50 or $100. Either is sufficient to reduce the claim of the insurer below the required amount for jurisdiction.

3. The purpose of [Rule 17(a)] is to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. Thus its main thrust is to allow a correction in parties after the statute of limitations has run, despite the valid objection that the original action was not brought by the real party in interest.

3A *Moore's Federal Practice* ¶ 17.15–1, at 17–182 (2d ed. 1979) (footnotes omitted). *See also Audio-Visual Mkt. Corp. v. Omni Corp.,* 545 F.2d 715, 719 (10th Cir. 1976); *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel,* 77 F.R.D. 384, 389 (S.D.N.Y.1977); *American Dredging Co. v. Federal Ins. Co.,* 309 F.Supp. 425, 429 (S.D.N.Y.1970); *Advisory Committee Notes on*

*the 1966 Amendments,* 39 F.R.D. 69, 84–85 (1966). The defendants would not be prejudiced in their defense of this action by changing the named plaintiff. They knew the persons and the issues involved before the statute of limitations ran. *See Metropolitan Paving Co. v. International Union of Operating Eng'rs,* 439 F.2d 300, 306 (10th Cir.), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971). Moreover, the failure to use Dominga's name in the first place is an understandable and excusable mistake. *See Crowder v. Gordons Transps., Inc.,* 387 F.2d 413, 418–19 (8th Cir. 1967). *Cf. Hobbs v. Police Jury,* 49 F.R.D. 176, 180 (W.D. La.1970). In such circumstances, plaintiffs should not be punished for failure to offer to change parties before the court's ruling. Requiring joinder within a reasonable time from when the defendants first question the named party's interest, as defendants urge, would be unfair and counterproductive, particularly when it is reasonable for plaintiffs to assume defendants' real party in interest challenge would fail on the merits.

Miller, *Federal Practice & Procedure* § 1546, at 659–61 (1971).

 Although both the insurer and insured are real parties in interest, we are confronted with broad authority for the proposition that where the insured brings suit for the entire loss, the partially subrogated insurance company need not be named a party to the suit under Fed.R. Civ.P. 17(a). *See, e. g., Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78, 83–84 (4th Cir. 1973); *Pace v. General Electric Co.*, 55 F.R.D. 215, 218 (W.D.Pa.1972); *Braniff Airways, Inc. v. Falkingham*, 20 F.R.D. 141, 144 (D.Minn. 1957). Indeed, Texas, whose substantive law controls this action,[4] permits such suits in the name of the partly compensated insured. *See Ligon v. E. F. Hutton & Co.*, 428 S.W.2d 434, 438–39 (Tex.Civ.App.1968). In cases where joinder would not defeat jurisdiction, this court has required that joinder be effectuated. *See Public Service Co. v. Black & Veatch*, 467 F.2d 1143, 1144 (10th Cir. 1972); *Gas Service Co. v. Hunt*, 183 F.2d 417, 419 (10th Cir. 1950). However, in *Hunt* we allowed for the existence of certain unspecified exceptions, 183 F.2d at 419, and we are persuaded that this case falls within such an exception. When joinder of a partially subrogated insurance company would require dismissal of a suit brought by the insured for the entire amount of the loss, the considerations enumerated in Fed.R.Civ.P. 19 should be applied. Rule 19 specifies that courts not be deprived of jurisdiction by unnecessary joinder, and it makes dismissal hinge on the existence of prejudice, particularly the risk of multiple litigation. *See Provident*

*Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968). The risk of multiple litigation is absent here.[5] The insurance company, under the admitted exercise of its subrogation rights, *see* Record, supp. vol. 1, at 3–4, has instituted this suit in the name of the insured for the entire loss and will be bound by the judgment. *Cf. Dudley v. Smith*, 504 F.2d 979, 983 (5th Cir. 1974); *Braniff Airways, Inc. v. Falkingham*, 20 F.R.D. 141, 144–45 (D.Minn.1957). Therefore, we conclude that joinder of the insurance company cannot be compelled; this case can be brought in the name of the insured for the entire amount of the loss, which satisfies the jurisdictional amount requirement.[6]

REVERSED.

---

4. The question of in whose name the suit must be brought is within the province of federal law under *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny. *Public Service Co. v. Black & Veatch*, 467 F.2d 1143, 1145 (10th Cir. 1972). However, state law determines whether a subrogee is entitled to recover for the entire loss. *Virginia Electric & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973).

5. In *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), which formed the basis of this court's rule in *Gas Service Co. v. Hunt*, 183 F.2d 417 (10th Cir.

1950), the Supreme Court required joinder of the insureds in a case brought by three partial subrogee insurers. The risk of multiple litigation present in *Aetna* is not a factor here. *See Dudley v. Smith*, 504 F.2d 979, 983 (5th Cir. 1974).

6. Our resolution obviates the necessity of discussing whether the defendants here waived the right to be protected from the failure to name the insurance company. *See generally Audio-Visual Mkt. Corp. v. Omni Corp.*, 545 F.2d 715 (10th Cir. 1976); 6 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1554, at 701–03 (1971).