**Richard W. LISTER, Plaintiff,**

v.

**MARANGONI MECCANICA S.P.A., Defendant.**

**No. 88–C–973A.**

United States District Court, D. Utah, C.D.

Dec. 10, 1990.

See also 728 F.Supp. 1524.

Colin P. King, Wilcox, Dewsnup & King, Salt Lake City, Utah, for plaintiff.

H. Wayne Wadsworth, Watkiss & Saperstein, Salt Lake City, Utah, for defendant.

**ORDER DENYING DEFENDANT'S MOTION TO JOIN THE WORKERS COMPENSATION FUND OF UTAH AS A PARTY PLAINTIFF**

ALDON J. ANDERSON, Senior District Judge.

## I. INTRODUCTION

The defendant, Marangoni Meccanica, has moved to compel the joinder of the Workers Compensation Fund of Utah (the Fund) as a party plaintiff in this action. Marangoni claims that the fund is a "real party in interest" within the meaning of Rule 17(a) of the Federal Rules of Civil Procedure. The court heard oral argument concerning Marangoni's motion on December 4, 1990, and took the matter under advisement. Having advised itself of the law and the facts relevant to this motion, the court is now prepared to rule.

## II. FACTUAL BACKGROUND

As a result of injuries which Lister sustained in the course of employment, and for which he seeks to hold Marangoni liable, the Workers Compensation Fund of Utah has paid Lister $102,891.01 in medical expenses and wage compensation, and awarded him an additional $24,180.97 for permanent partial disability.

The Workers Compensation Fund of Utah has asserted a right of subrogation in the amount of its payments to Lister against any recovery which Lister might secure against Marangoni. The Workers Compensation Fund of Utah has also agreed to be bound by the outcome in this case and has waived its right to bring a separate action against Marangoni in its own name. The agreement states, in pertinent part, as follows:

3. The Fund hereby ratifies, affirms, and approves of the prosecution of the above-captioned action by the above-named plaintiff for the full amount of loss suffered by said plaintiff and/or the Fund as a subrogee thereof.

4. The Fund agrees and consents to be bound by the proceedings and results of the above-captioned action as they affect its subrogation interests.

5. The Fund waives any right to join this case as a plaintiff, and opposes the involuntary addition of the Fund as a plaintiff.

6. The Fund waives the right to pursue the subrogation rights it may have in connection with the above-captioned matter outside of this proceeding.

7. The Fund expressly reserves its rights and interests in any recovery of plaintiff in the above-captioned action for reimbursement of payments made to plaintiff, as provided in § 35–1–62, Utah Code Annotated.

(Affidavit of Dennis V. Lloyd, attached as Exhibit A to Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Joinder of Insurer as a Real Party in Interest).

In opposing Marangoni's motion for joinder, Lister argues that "[b]ecause the Fund is precluded from bringing a subsequent action against Marangoni under these circumstances, joinder of the Fund is not required under Rule 17." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Joinder of Insurer as a Real Party in Interest at 6). Lister further argues that joinder of the Fund would be prejudicial because the jury would thereby be advised that the loss suffered was covered, at least in part, by insurance.

## III. ANALYSIS

As stated above, Marangoni Meccanica, has moved to compel the joinder of the Workers Compensation Fund of Utah as a party plaintiff in this action, claiming that the fund is a "real party in interest" within the meaning of Rule 17(a) of the Federal Rules of Civil Procedure. Rule 17(a) provides as follows:

(a) **Real Party In Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is

brought; and when a statute of the United States so provides, and action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.Pro. 17(a). The purpose behind this rule, as stated by the Advisory Committee is as follows:

The modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata.

Advisory Committee Note to the 1966 amendment to Rule 17(a). *See also* 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1543 at 337 (1990). Professors Wright, Miller and Kane note that the effect of Rule 17(a) "is that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." *Id.* at 334.

Under governing substantive law the Fund is authorized to bring and maintain the identical cause of action that Lister is asserting in this case against Marangoni. Section 35–1–62 provides as follows:

When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of a person other than an employer, officer, agent, or employee of said employer, the injured employee, or in case of death, his dependents, may claim compensation and the injured employee or has heirs or personal representative may also have an action for damages against such third person. If compensation is claimed and the employer or

insurance carrier becomes obligated to pay compensation, the employer or insurance carrier shall become trustee of the cause of action against the third party and may bring and maintain the action either in its own name or in the name of the injured employee, or his heirs or the personal representative of the deceased, provided the employer or carrier may not settle and release the cause of action without the consent of the commission. Before proceeding against the third party, the injured employee, or, in case of death, his heirs, shall give written notice of such intention to the carrier or other person obligated for the compensation payments, in order to give such person a reasonable opportunity to enter an appearance in the proceeding.

. . . .

If any recovery is obtained against such third person it shall be disbursed as follows:

. . . .

(2) The person liable for compensation payments shall be reimbursed in full for all payments made less the proportionate share of costs and attorneys' fees provided for in Subsection (1).

Utah Code Ann. § 35–1–62. Based on the above statute, because the Workers Compensation Fund of Utah compensated Lister, at least partially, for his injury, it could assert a claim against Marangoni, and thus would be a real party in interest.

Controlling Tenth Circuit law also holds that when an insurer has partially compensated an injured plaintiff, and claims subrogation rights in the plaintiff's award against a third-party defendant, both the injured plaintiff and the insurer are real parties in interest in whose names the action against the third-party defendant must be pursued. *See Garcia v. Hall*, 624 F.2d 150, 151–52 (10th Cir.1980) (also noting an exception to the joinder rule); *Public Ser-*

*vice Company of Oklahoma v. Black & Veatch*, 467 F.2d 1143, 1144 (10th Cir.1972); *Gas Service Co. v. Hunt*, 183 F.2d 417, 419 (10th Cir.1950). In *Hunt*, the Tenth Circuit set forth the reasoning for such a rule as follows:

where the [insured] has been reimbursed for only part of the loss and asserts a claim against the wrongdoer for the balance in excess of the amount paid, both the insured and the insurer own portions of the substantive right against the wrongdoer and should appear in the litigation in their own names.

. . . .

The insurer as subrogee of the owner has the substantive right to recover from the wrongdoer up to the amount it has been obliged to pay under its policy, and the insured has the substantive right to recover for any excess in loss for with he has not been reimbursed.

*Hunt*, 183 F.2d at 419. Thus, absent other facts, the Workers Compensation Fund of Utah, as a subrogated insurer, would be a real party in interest under Rule 17(a).

There are additional facts in this case, however, that preclude the Fund from enforcing any rights against Marangoni. The Workers Compensation Fund of Utah has agreed to be bound by the outcome in this case and has waived its right to bring a separate action against Marangoni in its own name. Having waived its rights to proceed against Marangoni, the Fund is no longer able, under governing substantive law, to enforce any right against Marangoni. Thus, based on the waiver of its right to proceed against Marangoni, the Fund is no longer a real party in interest within the meaning of Rule 17(a), and need not be joined as a party plaintiff.[1]

This holding finds support in *United States v. Aetna Cas. and Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). In *Aetna* the Supreme Court noted that "of

---

**1.** Because of a unique factual situation, the present case is distinguishable from *Gas Service Co. v. Hunt*, 183 F.2d 417 (10th Cir.1950) and *Public Service Company of Oklahoma v. Black & Veatch*, 467 F.2d 1143 (10th Cir.1972). In the present case, the Worker's Compensation Fund of Utah has waived any rights it may have had

directly against Marangoni, and thus has no further substantive right to sue Marangoni. There was no such waiver in *Hunt* and *Veatch*, and presumably the insurers in those cases continued to have a cause of action against the alleged tortfeasor.

course the insurer-subrogee, who has substantive equitable rights, qualifies as [a real party in interest under Rule 17(a)]." *Id.* at 380, 70 S.Ct. at 215. The Court also made it clear, however, that the substantive rights of the insurer to which it referred, were "substantive rights against the [third-party] tortfeasor," not rights against the insured. *Id.* at 381, 70 S.Ct. at 215. In the present case, the only rights remaining to the Fund are against any recovery Lister may receive from Marangoni. The Fund has no substantive rights directly against Marangoni, and therefore is not a real party in interest as defined by the Supreme Court in *Aetna.*

The court's holding also finds direct support in *Joyner v. F & B Enterprises, Inc.*, 448 F.2d 1185 (D.C.Cir.1971). In *Joyner* the plaintiff received workers compensation benefits without a formal compensation award. He subsequently sued a third party which then moved to have the insurance company joined as a party plaintiff under Rule 17. In affirming the trial court's denial of the motion, the Court of appeals emphasised that a real party in interest must have a substantive claim against the third party tortfeasor:

> There can be no doubt then under 33 U.S.C. § 933(b) and the cases interpreting it that [the insurer's] only rights in the circumstances of the present case run against Joyner and any recovery he may obtain in his third-party action. Only if [the insurer] had obtained a formal award of benefits, and Joyner had not commenced a third-party action within six months of the entry of the award, would [the insurer] have a substantive right directly against the third-party tortfeasor. This being the case, [the insurer] is not a "real party in interest" in Joyner's suit against the third-party tortfeasor.

*Id.* at 1187–88. *See also Passman v. Companhia de Navegacao Maritima Netumar,* 544 F.Supp 451 (E.D.Penn.1981). The court's holding in the present case also finds some support within this district. In *Desnoyers v. North American Resources Co., et al.,* Civil No. 85–C–852–W, Judge Winder denied defendant's motion to join an insurer as a real party in interest.

Based on the above analysis, the court finds that the Workers Compensation Fund of Utah is not a real party in interest within the meaning of Rule 17(a), and therefore need not be joined as a party plaintiff in this action. Therefore, defendant's motion to compel the joinder of the Workers Compensation Fund of Utah as a party plaintiff in this action must be, and is, denied.

IT IS SO ORDERED.