986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James SOURS, Plaintiff-Appellant,
v.
AMERICAN STATES INSURANCE COMPANY, Defendant-Appellee.
 No. 92-3027.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BABCOCK,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant James Sours appeals the dismissal of his claim against defendant-appellee American States Insurance Company under Fed.R.Civ.P. 12(b)(6). Sours was injured in an automobile accident in which one of the drivers was Rollin Russell. Sours sued Russell in Kansas state court and obtained a judgment against him for $107,114.42. At the time of the accident, American States insured Russell through an automobile liability policy with a limit of $25,000.00. After obtaining the judgment against Russell, Sours filed this action against American States in federal court alleging negligent defense and bad faith claims and seeking to recover the entire amount of the judgment from American States.
 
 
 2
 American States filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. The district court found that Kansas law did not allow actions such as this directly against insurers absent an assignment of policy rights by the insured or garnishment of these rights by the injured party. Sours had neither garnished nor been assigned Russell's rights. The district court therefore granted American States' motion without prejudice to Sours' later bringing a garnishment action against American States.
 
 
 3
 Sours filed a timely notice of appeal. Our standard of review is de novo, and we will uphold a Rule 12(b)(6) dismissal "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991).
 
 
 4
 We were initially concerned about our jurisdiction and requested supplemental briefing on this issue. The complaint in this case alleged that jurisdiction was based on diversity, 28 U.S.C. § 1332, and that Sours and American States were citizens of Kansas and Indiana respectively and therefore diverse. The jurisdictional question turns on whether this case is properly characterized as a "direct action" against American States, as both parties referred to it in their briefs, and is therefore subject to 28 U.S.C. § 1332(c)(1). Under § 1332(c)(1), an insurer against which a direct action is asserted is considered a citizen of the state of which the insured is a citizen. Thus, if Russell were a citizen of Kansas and if this were considered a direct action, there would not be complete diversity, and we would have to dismiss the case for lack of subject matter jurisdiction.[1]
 
 
 5
 In their supplemental briefs, both parties contend that this is not a direct action. In doing so, they have altered the facts somewhat from what the original briefs and other filings showed. Sours' opening brief and his complaint state that he is seeking recovery of the full $107,114.42 judgment awarded against Russell. Neither of these documents nor American States' response brief indicates that any payment was made to Sours under the American States policy. Sours' and American States' supplemental briefs, however, both state that American States has paid Sours the $25,000.00 policy limit and that Sours' claim is only for the judgment amount in excess of $25,000.00.
 
 
 6
 That change in facts affects our jurisdiction analysis. This is not a typical direct action case because Sours has already obtained judgment against Russell. Cf. Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir.1979) (direct action is where party injured by insured's negligence proceeds against insurer alone). Moreover, the parties' assertion that Sours is not trying to recover directly under the policy convinces us that we have jurisdiction:
 
 
 7
 "[W]here the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction."
 
 
 8
 Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 847 (10th Cir.1988) (quoting Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir.1985)), cert. denied, 489 U.S. 1080 (1989). Because Sours appears now to be trying to recover only for amounts in excess of the American States policy and only for American States' bad faith and negligence, we conclude that this is not a direct action as contemplated by 28 U.S.C. § 1332(c) and that there is diversity jurisdiction here. In doing so, we specifically decline to address the issue of whether we would have jurisdiction were Sours seeking recovery based on the primary liability under the policy.
 
 
 9
 Our conclusion that we have jurisdiction, however, is of little avail to Sours on the merits of his claim. He admits that this is not a garnishment action, though that apparently would have been a proper way for Sours to proceed. See Gilley v. Farmer, 485 P.2d 1284, 1290 (Kan.1971). He asserts that he seeks recovery based on Russell's contract rights with American States and not based on some tort theory. Relying on Glenn v. Fleming, 799 P.2d 79 (Kan.1990), the district court concluded that Sours therefore needed an assignment from Russell to proceed against American States. We agree.
 
 
 10
 In Glenn, the Kansas Supreme Court held that bad faith and negligent defense claims are contract rather than tort claims and that they are assignable. 799 P.2d at 90-91. It therefore allowed the injured party who had an assignment from the tortfeasor to proceed against the tortfeasor's insurer. Id. We believe, as did the district court, that implicit in Glenn's holding is the requirement that the injured party first be assigned the insured's policy rights before being allowed to maintain an action against the insurer. Sours cites no Kansas cases holding otherwise. The cases he cites are either assignment or garnishment cases or are cases where the insurer apparently did not object to the injured party's action. See, e.g., Bollinger v. Nuss, 449 P.2d 502, 507 (Kan.1969) (noting that "insurer appears content to disregard any question of [injured party's] right to complain of negligence or bad faith of an insurer toward its insured"); Castoreno v. Western Indem. Co., 515 P.2d 789, 791-95 (Kan.1973) (not addressing issue nor indicating whether insurer objected to action).
 
 
 11
 Sours contends that having obtained judgment against Russell, he steps into Russell's shoes with respect to Russell's rights under the American States policy. Without Sours' assignment or garnishment of Russell's rights, however, Russell would also appear able to assert the same claim that Sours is trying to make. Under Sours' argument, both he and Russell would be standing in Russell's shoes and would apparently be equally able to asset a bad faith and negligence claim against American States, and American States could be obligated to pay both claims. Sours cites us no Kansas authority supporting this position, and we decline to interpret Kansas law to allow it.[2]
 
 
 12
 The judgment of the United States District Court for the District of Kansas is AFFIRMED, and the motion for certification is DENIED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Prior to filing the complaint, Sours received $100,000.00 under his underinsured motorist coverage from Allstate Insurance Company. In return, Sours assigned to Allstate all of his claims against Russell and American States to the extent of the payment from Allstate. See Appellee's Supp.App., Underinsured Motorist Release and Subrogation Agreement at 1. Both Sours and Allstate are therefore real parties in interest under Fed.R.Civ.P. 17(a), and Allstate should have been joined as a plaintiff. See Garcia v. Hall, 624 F.2d 150, 152 (10th Cir.1980). However, if joinder would defeat diversity, Allstate need not be joined. Id. The fact that Allstate has not been joined is not an issue critical to the subject matter jurisdiction question. Sours appears to be a proper plaintiff under Kansas substantive law. See Fidelity & Deposit Co. v. Shawnee State Bank, 766 P.2d 191, 194 (Kan.Ct.App.1988) (where loss only partially covered by insurance, insured is proper party to bring the action)
 
 
 [2]
 Sours requests that we certify the issue presented in this appeal to the Kansas Supreme Court. Certification is a permissive procedure, and we decline to do so here for a number of reasons. 10th Cir.R. 27.1 provides that motions for certification be filed contemporaneously with the moving party's brief on the merits. Sours failed to file his motion until nearly two months after his opening brief and nearly one month after American States filed its response brief. In addition, Kansas's certification statute allows certification where it appears to the certifying court that there is no controlling precedent. Kan.Stat.Ann. § 60-3201. We are convinced that, if not technically controlling, Glenn certainly foretells the manner in which the Kansas Supreme Court would resolve the issue in this case. Finally, Sours contends that certification is "the most reasonable, expeditious, and inexpensive way" to answer this state law question. Memorandum in support of motion to certify at 3. We remind Sours that he chose to file his case in federal court, and hence is in a "somewhat awkward position" to now claim that a state court is the most reasonable forum to resolve his claim. See Colonial Park Country Club v. Joan of Arc, 746 F.2d 1425, 1429 (10th Cir.1984)