904 F.2d 131
 BROCKLESBY TRANSPORT, A DIVISION OF KINGSWAY TRANSPORTS,
LTD., and Cooper Energy Services, Ltd.,
Plaintiffs-Appellants,
v.
EASTERN STATES ESCORT SERVICES, Defendant-Appellee.
EASTERN STATES ESCORT SERVICES, Third-Party Plaintiff,
v.
NICKLE CITY ESCORT SERVICE, B & M Pilot Car Service and Joan
Goldhahn, as Executrix of Hartmut Goldhahn,
Third-Party Defendants.
 No. 1155, Docket 90-7011.
 United States Court of Appeals,
Second Circuit.
 Submitted April 17, 1990.
Decided May 21, 1990.
 
 Francis A. Montbach, Bigham Englar Jones & Houston, New York City, for plaintiffs-appellants.
 Edwin L. Smith, Kenneth J. Klein, Smith & Laquercia, New York City, for defendant-appellee.
 Before MESKILL, CARDAMONE and PIERCE, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Southern District of New York, Keenan, J., granting defendant-appellee Eastern States Escort Services' (Eastern) motion for summary judgment and dismissing the complaint of plaintiffs-appellants Brocklesby Transport (Brocklesby) and Cooper Energy Service, Ltd. (Cooper), which sought damages arising from a truck's unfortunate encounter with a bridge overpass. The questions raised on appeal are whether on summary judgment the district court properly determined that Brocklesby is precluded from seeking indemnification from Eastern because Brocklesby was in part at fault for the accident and whether Cooper is barred from recovering from Eastern because it subrogated its claims against Eastern to its insurer.
 
 BACKGROUND
 
 2
 In November 1984, Brocklesby, a motor carrier of goods, contracted with Cooper, a manufacturer and seller of turbine equipment, to transport one of Cooper's turbines from Ontario, Canada to Port Elizabeth, New Jersey. Because the turbine was an oversized shipment, Brocklesby contracted with Eastern to map out a route through New York and New Jersey and to provide an escort vehicle. Eastern in turn subcontracted with third-party defendants Nickle City Escort Service (Nickle City) and B & M Pilot Car Service (B & M) to provide the escort.
 
 
 3
 Eastern prepared a route based on information provided by Brocklesby that the load would be fourteen feet, seven inches high. Third-party defendant Hartmut Goldhahn, whom Brocklesby hired to deliver the cargo using his tractor-trailer, allegedly measured the load at fourteen feet, four inches when he first picked up the load. Jerry Coate, who drove the lead escort car for Nickle City, allegedly also measured the load at fourteen feet, four inches. Coate set a height pole on the lead car on the basis of this measurement.
 
 
 4
 The convoy deviated from the route prepared by Eastern, purportedly because the route included low bridges. After leaving the prepared route, the lead car passed under a bridge near Monroe, New York. Coate is alleged to have instructed Goldhahn that he could clear the bridge, but that he should slow down. However, the load hit the bridge when Goldhahn attempted to pass under it, causing damage to the turbine.
 
 
 5
 After the collision, Cooper submitted to its insurer, Arkwright-Boston Manufacturers Mutual Insurance Company (Arkwright), a claim for the damage to the turbine in the amount of $188,598.85 Canadian. Arkwright paid Cooper $166,084.85 Canadian, in exchange for a subrogation receipt assigning its claims for damages to Arkwright to the extent of the amount paid.
 
 
 6
 Arkwright subsequently made a claim against Brocklesby, and Brocklesby's insurer, Royal Insurance Company (Royal), paid $134,200 Canadian to Arkwright on behalf of Brocklesby and Goldhahn. Arkwright executed a release, transferring its rights to any claim arising out of the incident to Royal and releasing its claims against Brocklesby and Goldhahn.
 
 
 7
 Brocklesby and Cooper brought a diversity action in federal district court against Eastern for damages and indemnification. Eastern thereafter filed a third-party complaint against Hartmut Goldhahn, Nickle City and B & M.
 
 
 8
 On Eastern's motion for summary judgment, the district court dismissed Brocklesby's and Cooper's claims. It determined that, because "Brocklesby is not without fault in the resulting accident," it could pursue only contribution and not indemnification from Eastern. Moreover, the court concluded that Brocklesby was precluded from seeking contribution under New York law because it had transferred any such rights to Royal. Finally, the court determined that Cooper was barred from pursuing a claim against Eastern because it had subrogated its rights to Arkwright.
 
 DISCUSSION
 
 9
 Brocklesby contends that the district court erred in construing its claim as one for contribution rather than indemnification on the basis of the finding that Brocklesby was in part at fault for the accident. Based on the affidavit of Ronald A. Chatel, a Vice President and General Manager of Eastern, the district court held "Brocklesby to be at least partially responsible due to its failure to provide Eastern with accurate measurements of the load." In his affidavit, however, Chatel stated only that he received the measurements from Brocklesby and that he relied on those measurements in preparing the route. Nowhere does the affidavit suggest that the measurements were inaccurate. Moreover, Goldhahn's affidavit, submitted by Eastern but specifically relied on by Brocklesby, stated that he measured the truck at fourteen feet, four inches, thus suggesting that if Brocklesby's measurements were inaccurate, it is likely that they were inaccurate on the "safe" side and any mistake actually would have given Eastern three extra inches of clearance. The district court therefore erred in finding Brocklesby at fault on the basis of these allegedly inaccurate measurements.
 
 
 10
 The Goldhahn affidavit further stated that Coate, the driver of the lead car provided by Nickle City, and Goldhahn agreed, after meeting in Buffalo, New York, that the route planned by Eastern would lead them to low bridges. According to the affidavit, Coate then advised Goldhahn to take an alternate route. In contrast, Chatel's affidavit averred that had the planned route been followed, no accident would have occurred. The record thus reflects a genuine factual dispute over whether Brocklesby's fault, if any, contributed to the accident. This factual dispute must be left for resolution at trial. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
 
 
 11
 The district court also erred in dismissing Cooper's claims against Eastern on the ground that Cooper had subrogated its rights to its insurer Arkwright. Eastern contends that Cooper was fully compensated for its loss by Arkwright and therefore cannot pursue its claim against Eastern. Cooper maintains that it was not compensated in full by Arkwright; rather, it argues that $22,514 Canadian of its claim was not covered by its policy with Arkwright. The subrogation receipt Cooper executed appears to support this position. At a minimum, therefore, a factual dispute exists about the scope of the subrogation. In any event, Cooper contends that it may pursue its whole claim in its own name despite the subrogation of its rights to Arkwright.
 
 
 12
 Eastern challenges Cooper's contention and makes a broad attack against both Brocklesby's and Cooper's claims, arguing that, because of Cooper's subrogation to Arkwright and Arkwright's release transferring its rights to any claims to Brocklesby's insurer, Royal, the only real party-in-interest is Royal. The parties incorrectly analyze this issue under New York law. The question of which party is the real party-in-interest is procedural, rather than substantive. 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1544, at 345 (2d ed. 1990); see Fed.R.Civ.P. 17(a). Therefore, in diversity cases federal law governs the issue of in whose name a lawsuit must be brought, even though state law controls the underlying substantive right of an insured to recovery. Travelers Ins. Co. v. Riggs, 671 F.2d 810, 813-14 (4th Cir.1982); Garcia v. Hall, 624 F.2d 150, 152 n. 4 (10th Cir.1980); Virginia Elec. and Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir.1973), cert. denied, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974). Under federal law, if an insurer has compensated an insured for an entire loss, the insurer is the only real party-in-interest and must sue in its own name; however, if the insured is only partially compensated by the insurer, both the insurer and the insured are real parties-in-interest. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380-82, 70 S.Ct. 207, 215-16, 94 L.Ed. 171 (1949); Garcia, 624 F.2d at 151; 3A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice p 17.09[2.-4], at 17-91 (2d ed. 1989).
 
 
 13
 Because the issue of the extent to which, if at all, Brocklesby and Cooper under these standards may pursue their claims in their own names turns in part on factual questions not addressed by the district court, we leave it to the district court to pass on the issue in the first instance. Similarly, given the posture of the case, we need not reach Eastern's claim, which also was not addressed by the district court, of entitlement under New York law to an offset against any recovery by Brocklesby or Cooper.
 
 CONCLUSION
 
 14
 The judgment of the district court is reversed, and the matter is remanded to the district court for further proceedings consistent with this opinion.